# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3811

_____

| | | |
|---|---|---|
| Nikolay Ivanov Nedeltchev, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Sheraton St. Louis City Center Hotel | * | Eastern District of Missouri. |
| and Suites; Joe Bryson; Gregory | * | |
| Robinson, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: April 28, 2009
Filed: July 1, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In January 2007, Nikolay Nedeltchev filed a Title VII complaint against defendants claiming he was unlawfully terminated and harassed based on his Bulgarian national origin. In May 2007, less than two weeks after defendants moved for judgment on the pleadings, Nedeltchev moved for leave to amend his complaint under Federal Rule of Civil Procedure 15. In a proposed amended complaint, he raised discrimination claims under both Title VII and 42 U.S.C. § 1981 based on his Bulgarian national origin and his "Slavic Eastern European" race, and a state-law tort claim. The district court later granted summary judgment for defendants, but did not

address the motion to amend. Nedeltchev timely moved to amend the court's judgment under Federal Rule of Civil Procedure 59(e), arguing that the court erred in granting summary judgment for defendants and in denying leave to amend. The district court denied the postjudgment motion and denied leave to amend. This appeal followed, in which Nedeltchev argues that the district court erred in granting summary judgment and in denying his motions to amend the complaint and the judgment.

After careful de novo review, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude the district court properly granted summary judgment on the Title VII claim, because it was not timely exhausted and Nedeltchev failed to show entitlement to equitable tolling of the applicable time limit, see 42 U.S.C. § 2000e-5(e)(1) (time limit for filing Title VII claims with Equal Employment Opportunity Commission); T.L. ex rel. Ingram v. United States, 443 F.3d 956, 963 (8th Cir. 2006) (party claiming equitable tolling has burden to show entitlement to it; doctrine applies only in exceptional circumstances); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (ineffective assistance has not generally been considered extraordinary circumstance for purposes of equitable tolling).[1]

We also conclude the district court did not abuse its discretion in declining to modify its grant of summary judgment on the Title VII claim. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (Rule 59(e) motion cannot be used to raise arguments that could have been offered or raised prior to entry of judgment). We conclude, however, that the court abused its discretion in denying

---

[1]Nedeltchev's pro se notice of appeal designated only the order denying postjudgment relief, but in his brief he addresses the underlying order as well, appellees address both orders in their brief, and we see no prejudice to appellees from our review of the summary judgment order. See Greer v. St. Louis Reg'l Med. Ctr., 258 F.3d 843, 846 (8th Cir. 2001) (rules specifying contents of NOA should not be interpreted "strictissimi juris," especially in dealing with pro se litigants, where appellee shows no prejudice).

leave to amend the complaint. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 755 (8th Cir. 2006) (court reviews denial of leave to amend for abuse of discretion). Although we agree with the court that the Title VII claim in the proposed amended complaint still failed because it was untimely, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (district court may properly deny leave to amend where amendment would be futile), for the following reasons we disagree with the court that the proposed section 1981 claim also failed, see Marmo, 457 F.3d at 755 (court reviews de novo conclusion that proposed amendment would have been futile).

Section 1981 prohibits intentional discrimination on the basis of race, but does not protect against discrimination based solely on national origin. Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987). Nedeltchev's complaint, construed liberally, alleged that defendants treated him differently because of his Slavic or Eastern European race. He alleged that he was subjected to ridicule and name-calling, as well as accusations of terrorism; that hotel guests also were allowed to harass him because of his accent; that management did nothing; and that ultimately he was terminated because he was perceived as a terrorist due to his race. At the early notice-pleading stage, see Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), we believe that these allegations adequately stated section 1981 claims for a race-based hostile work environment and termination. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609, 613 (1987); Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 467 (8th Cir. 1992) (§ 1981 prohibits purposeful racial discrimination, which includes discrimination solely because of ancestry or ethnic characteristics). Whether Nedeltchev can produce sufficient evidence to make a submissible case of race discrimination under § 1981, see, e.g., Elmahdi v. Marriott Hotel Servs., Inc., 339 F.3d 645, 653 (8th Cir. 2003), is a separate question that is not presented at this juncture.

We also find no basis to conclude that the request to amend was unduly delayed, that appellees would have been unduly prejudiced by allowing amendment,

or that there was any bad faith by Nedeltchev.  See Fed. R. Civ. P. 15(a)(2) (court should freely give leave to amend pleading when justice so requires); Popoalii, 512 F.3d at 497 (court abuses its discretion when it denies motion to amend unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to nonmoving party, or futility of amendment).

Accordingly, we reverse the denial of leave to amend and we remand this matter to the district court to permit Nedeltchev to amend his complaint to bring his section 1981 claim, and also to bring his state-law claim if he wishes.[2]  In all other respects, we affirm.

_____

---

[2]We express no opinion on the viability of the state-law claim.